UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John L. Berman, | Case No. 20-cv-1199 (DWF/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Hon. Susan L. Segal, in her official capacity as Chief Judge, Minnesota Court of Appeals; and Hon. Lori S. Gildea, in her official capacity as Chief Judge, Minnesota Supreme Court, | |
| Defendants. | |

Plaintiff John L. Berman initiated civil litigation in Minnesota state court. After the action was dismissed, Berman applied for *in forma pauperis* ("IFP") status on appeal from the dismissal. The IFP application was denied by the trial court on the grounds that the appeal was frivolous. *See* Complaint Ex. at 12 [ECF No. 1]. Berman brings this action attacking the constitutionality of the Minnesota IFP statute and accompanying caselaw as a whole, as well as the specific application of that statute and caselaw to his state-court appeal.

Berman's lawsuit is itself frivolous. District courts have inherent authority to dismiss *sua sponte* any action that is frivolous. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). That authority should be exercised here.

The Supreme Court has made clear "that a constitutional requirement to waive court fees in civil cases is the exception, not the general rule." *M.L.B. v. S.L.J.*, 519

1

U.S. 102, 114 (1996). Those exceptions to the general rule pertain to matters of "fundamental importance," such as cases related to "the marital relationship and on the associational interests that surround the establishment and dissolution of that relationship," where courts must provide fee waivers to litigants unable to afford the fee. *United States v. Kras*, 409 U.S. 434, 444 (1973). Those exceptions are few, however. For example, there is no constitutional entitlement to the availability of a fee waiver even to litigants seeking a remedy for constitutional violations. *See Higgins v. Carpenter*, 258 F.3d 797, 800-01 (8th Cir. 2001). Put another way, the Minnesota state courts need not afford litigants IFP status at all, except in those instances identified by the Supreme Court as fundamentally important. And the litigation brought by Berman in state court, which related to a business dispute, does not fit within the exceptions identified by the Supreme Court.

Although not required by the constitution to do so, the Minnesota courts, like the federal courts, permit authorization of IFP status in all cases in which litigants are unable to pay the filing fee, save for a handful of carveouts. One of those carveouts in both the federal and state courts is for actions or appeals deemed to be frivolous. *See* Minn. Stat. § 563.01, subd. 3; 28 U.S.C. § 1915(e)(2)(B); Fed. R. App. P. 24(a)(3). These restrictions are undoubtedly lawful, as the constitutional right of access to the courts does not extend to frivolous litigation. *See In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). If a litigant has no constitutional right to bring frivolous litigation at all, he assuredly has no right to bring frivolous litigation at zero cost to himself.

Berman does not so much take issue with the fact that IFP status can be denied to litigants bringing frivolous litigation as he does with the standards governing the frivolity

determination in the Minnesota state courts. Under Minnesota law, a denial of IFP status on frivolity grounds "should not be overturned absent a finding of abuse of discretion." *Maddox v. Dep't of Human Services*, 400 N.W.2d 136, 139 (Minn. Ct. App. 1987). Berman contends that this abuse-of-discretion standard is inconsistent with a determination of frivolity; a case is not frivolous unless it is *obviously* meritless, argues Berman, and trial courts should not be afforded discretion in deciding what should be an obvious question. As an initial matter, this abuse-of-discretion standard of review regrading frivolity determinations is hardly unique to the Minnesota courts; the same standard applies in the federal courts as well. *See Muhannad v. Kinney*, 51 F.3d 762, 763 (8th Cir. 1995) ("We review for abuse of discretion the dismissal of a complaint as frivolous under section 1915(d)"); *White v. Lemma*, 947 F.3d 1373, 1379 n.8 (11th Cir. 2020). Even leaving that aside, though, this Court has already explained that, with a small number of exceptions not relevant to this case, courts need not afford IFP status to litigants at all under the federal constitution. Having instead chosen to do so, the Minnesota courts are not limited by the federal constitution to a specific standard of review when IFP status is denied. Berman's facial attack on the Minnesota IFP system is groundless.

This leaves only Berman's challenge to the specific finding of the Minnesota trial court that his appeal was frivolous. Another court of this District recently rejected an identical argument from another litigant under the *Rooker-Feldman*[1] doctrine:

> While Plaintiff's complaint is styled as a challenge to the Minnesota IFP statute, the impetus for his complaint was the state court's decision regarding his IFP status, which he essentially seeks to overturn. That is, the heart of Plaintiff's as-applied constitutional challenge is that the IFP statute was

---

[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

3

> wrongly applied to him by the state court. A decision by this Court that the law was unconstitutionally applied would effectively nullify the state judgment. That is precisely what *Rooker-Feldman* prohibits. *See Canal Capital Corp. v. Valley Pride Pack, Inc.*, 169 F.3d 508, 513 (8th Cir. 1999) ("When the goal of a state action is nullify a state judgment, it is barred."); *see also Davis v. Montgomery*, 124 F. Supp. 2d 1107, 1113 (S.D. Ohio 2000) (citing *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996) (finding that the plaintiff's constitutional claims were "inextricably intertwined" with state court proceedings because the constitutional challenge "would effectively nullify the state court's determination"). Although his claims are styled as constitutional challenges, they are, in effect, an appeal by Plaintiff of the Minnesota state court's judgment denying him IFP status and, as a result, refusing to allow him to proceed with his case without paying the filing fee. *See O'Grady v. Johnson*, Case No. 05-cv-2203 (JNE/JJG), 2006 WL 2403579, at *10 (D. Minn. Aug. 18, 2006) (noting that a federal civil rights action was "in reality, an appeal . . . of the Wisconsin state court judgments relating to his divorce and child support and custody obligations under which he failed to prevail and from which he now complains of injury"). The Minnesota court's IFP determination is thus "inextricably intertwined" with Plaintiff's as-applied constitutional challenge. *See Feldman*, 460 U.S. at 482 n.16.

*Leekley-Winslow v. Minnesota*, No. 19-CV-2071 (NEB/HB), 2020 WL 2100856, at *3 (D. Minn. Mar. 30, 2020), Report and Recommendation adopted in 2020 WL 2097620 (D. Minn. May 1, 2020). The reasoning of that court applies equally to Berman's attempt to invalidate the state-court finding that his appeal was frivolous. If Berman believes that the finding of frivolity was erroneous, the appropriate procedural vehicle for attacking that finding is review by a state appellate court, not an appeal to a federal district court.

This Court is not the first to explain to Berman that he cannot make "an attempt at an end run around state court proceedings" by re-litigating in federal court adverse decisions made in state court. *See Berman v. Clerk of Circuit Court*, No. 6:18-CV-1725 (MC), ECF No. 5 (D. Or. Oct. 23, 2018). The specific finding that Berman's appeal was frivolous is not a determination that this Court may overturn. And as explained above,

4

Berman's attack on the Minnesota IFP system is flatly contradicted by the case law of the Supreme Court and this circuit. This action is frivolous and should be dismissed accordingly.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED as frivolous.

2. The application to proceed *in forma pauperis* of plaintiff John L. Berman [ECF No. 2] be DENIED AS MOOT in light of Berman's payment of the required filing fee.

3. Berman's motion for a preliminary injunction [ECF No. 3] be DENIED, as this matter has no likelihood of success on the merits.


Dated: May 21, 2020                              s/David T. Schultz
                                                 DAVID T. SCHULTZ
                                                 U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).