# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

John L. Berman,

Plaintiff,

v.

Hon. Susan L. Segal, in her official
capacity as Chief Judge, Minnesota Court
of Appeals; and Hon. Lori S. Gildea, in
her official capacity as Chief Judge,
Minnesota Supreme Court,

Defendants.

Civil No. 20-1199 (DWF/DTS)

**ORDER**

The above matter comes before the Court upon *pro se* Plaintiff's Objection (Doc. Nos. 12, 13 & 14) to the Report and Recommendation of United States Magistrate Judge David T. Schultz dated May 21, 2020 (Doc. No. 10).[1]

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections. In short, Plaintiff initiated civil litigation in Minnesota state court and after that action was dismissed, Plaintiff applied for *in forma*

---

[1] On May 21, 2020, Plaintiff filed an "objection to clarify the record" (Doc. No. 12) and a self-styled Second Notice and Request (Doc. No. 13). In addition, on June 1, 2020, Plaintiff filed an Objection to the Report and Recommendation (Doc. No. 14). The Court considers them all as part of Plaintiff's objection to the Report and Recommendation.

*pauperis* ("IFP") status on appeal from the state-court dismissal.  The IFP application was denied by the state trial court.  (Doc. No. 1, Ex. 1 at 12.)  Plaintiff then brought the present action attacking the constitutionality of the Minnesota IFP statute and accompanying caselaw, as well as the specific application of the statute to Plaintiff's state-court appeal.  The Magistrate Judge found that Plaintiff's present lawsuit itself is frivolous and further recommended that the Court invoke its inherent authority to dismiss *sua sponte* the frivolous action.  The Magistrate Judge explained that the litigation brought by Plaintiff in state court was related to a business dispute and did not fit within the exceptions identified by the Supreme Court that would support a waiver of court fees in a civil case.  Moreover, the Magistrate Judge explained that Plaintiff has no constitutional right to bring a frivolous action, and in the same vein, no right to bring a frivolous action at zero cost to himself.  The Magistate Judge also explained that Plaintiff's facial attack on the Minnesota IFP system is groundless and that his challenge to the Minnesota trial court's specific finding that Plaintiff's appeal was frivolous is for state appeallate court review, not an appeal to a federal district court.

     Plaintiff objects to the Magistrate Judge's Report and Recommendation.  Among other arguments, Plaintiff maintains that the issues presented are not frivolous, but instead are properly grounded and with authority, and further that the Court has jurisdiction over the analysis of Plaintiff's IFP claim.  Plaintiff also argues that, to the extent his Complaint does not make clear that "this is a case where the state trial court record had included undisputed facts from summary judgment filings," the Complaint can be amended, if necessary.

The Court has carefully reviewed the Report and Recommendation and Plaintiff's objections. After that review, the Court finds no reason to depart from the Magistrate Judge's recommendations, which are both factually and legally correct. Based upon the Court's *de novo* review of the record, the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. Plaintiff's objections to Magistrate Judge Schultz's Report and Recommendation dated May 21, 2020 (Doc. Nos. [12, 13, 14] are **OVERRULED**.

2. Magistrate Judge Schultz's Report and Recommendation dated May 21, 2020 (Doc. No. [10])) is **ADOPTED**;

3. This matter is **DISMISSED** as frivolous.

4. The application to proceed *in forma pauperis* of plaintiff John L. Berman (Doc. No. [2]) is **DENIED AS MOOT** in light of Plaintiff's payment of the required filing fee.

5. Plaintiff's motion for a preliminary injunction (Doc. No. [3]) is **DENIED**, as this matter has no likelihood of success on the merits.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July ___, 2020          s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge

3