UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John L. Berman, | Civil No. 20-1199 (DWF/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Hon. Susan L. Segal, in her official capacity as Chief Judge, Minnesota Court of Appeals; and Hon. Lori S. Gildea, in her official capacity as Chief Judge, Minnesota Supreme Court, | |
| Defendants. | |

The above matter comes before the Court upon *pro se* Plaintiff's Motion for Relief Under Rules 59(e) and 60(b)(6) (Doc. No. 18) wherein Plaintiff challenges the dismissal of this case. On July 16, 2020, the Court adopted Magistrate Judge Schultz's Report and Recommendation dated May 21, 2020 and dismissed the present matter as frivolous. (Doc. No. 16.) Judgment was entered the same day. (Doc. No. 17.)

The Court's Local Rules authorize a party to move for reconsideration after obtaining leave, upon a showing of "compelling circumstances." D. Minn. LR 7.1(j). Plaintiff's present motion could properly be considered a request to file a motion for reconsideration. A motion to reconsider, however, should not be employed to relitigate old issues, but rather to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993). Even if Plaintiff had made such a request, the Court would have denied it,

as there appear to be no compelling circumstances to justify a motion to reconsider the Court's July 16, 2020 Order.

Rule 59(e) motions serve a limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citation omitted).  Rule 59 motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been raised before the entry of judgment.  *Id.*  Rule 60(b) states that "[t]he court may relieve a party . . . from a final judgment, order, or proceeding" for reasons such as mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud.  Fed. R. Civ. P. 60(b)(1)-(3).  Plaintiff cites to Rule 60(b)(6), which allows for relief for "any other reason that justifies relief."  The rule provides for "extraordinary relief" that may only be granted "upon an adequate showing of exceptional circumstances."  *In re Levaquin Prods. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014) (citation omitted).

Here, the Court dismissed Plaintiff's claims after concluding that they are frivolous.  In particular, the Court found that Plaintiff's case, wherein he challenged the constitutionality of the Minnesota IFP statute as well as the application of the statute to a state-court appeal in this Court, lacked merit.  The Court explained that the litigation brought by Plaintiff in state court did not fit within the exceptions that would support a waiver of court fees in a civil case, that Plaintiff has no constitutional right to bring a frivolous action, that Plaintiff's attack on the Minnesota IFP system is groundless, and that Plaintiff's challenge to the Minnesota trial court's specific finding that Plaintiff's

appeal was frivolous was for state appellate court review, not an appeal to the federal district court.

The Court has considered Plaintiff's arguments in support of his present motion for relief. It appears to the Court that Plaintiff is attempting to relitigate arguments previously made or that could have been made. Morevoer, the Court discerns no manifest error of law that was created by a disregard, misapplication, or failure to recognize controlling precedent. In addition, Plaintiff offers no newly discovered evidence or law that would merit a reversal of the Court's prior order. In short, Plaintiff failed to identify any "extraordinary" circumstances that would warrant the relief requested. Accordingly, the Court denies Plaintiff's motion.

Based upon the Court's review of the record, the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that: Plaintiff's Motion for Relief Under Rules 59(e) and 60(b)(6) (Doc. No. [18]) is respectfully **DENIED**.

Dated:  August 18, 2020                                s/Donovan W. Frank
                                                       DONOVAN W. FRANK
                                                       United States District Judge